**Willie NOBLES, an individual; Virginia Parham, as personal representative of the Estate of Zynia Nobles, Plaintiffs—Appellants,**

v.

**WASHINGTON State of; Doc; Department of Social Health Services; Molly Mee, an individual; Michele Garner, an individual; Lyle Quasim; Chris Robinson, an individual, Defendants— Appellees.**

No. 02–35442.

D.C. No. CV–01–05374–RJB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 6, 2003.

Decided June 12, 2003.

---

of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Before B. FLETCHER, BRUNETTI, and MCKEOWN, Circuit Judges.

MEMORANDUM *

The State did not violate Zy'Nyia Nobles's substantive due process rights by not protecting her from her mother's violence. *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 197, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989). Although Zy'Nyia was a dependent of the State of Washington, the State did not have physical custody of Zy'Nyia at the time of her death. *See id.* at 201. Nor did the State's actions place Zy'Nyia in a "worse position than that in which [she] would have been had [the State] not acted at all." *Id.; Penilla v. City of Huntington*, 115 F.3d 707, 709–710 (9th Cir. 1997).

The State did not violate Zy'Nyia's procedural due process rights because she did not have a substantive right to protection from her mother. *See Olim v. Wakinekona*, 461 U.S. 238, 250, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983).

**AFFIRMED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.
* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).